[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Ralph L. Young, brings this action against the defendant, Frank W. Blanchard, for breach of contract, false representation and unjust enrichment.
The gravamen of the complaint is that Blanchard sold a house to Young with representations that there were no known problems with the septic system. Based upon such representations, the plaintiff purchased the house for $171,000. After the purchase, Young discovered that the septic system did not work properly. The septic system had to be replaced at a cost of $11,665. The plaintiff claims that amount in damages. Thus he paid $11,665 more than the property was worth thereby unjustly
Young places great emphasis on the document described as "Seller Disclosure to Buyer" signed by Blanchard which states:
"Sewage system problems?" The box
"No" is checked.
The parties agree that this document was part of their agreement. Young then claims that Blanchard knew this statement was not true when he signed the document. There is no doubt from the evidence at the trial that Blanchard has, in the past, had problems with the septic system when he purchased the property in November, 1991. In fact, he brought suit against the seller for CT Page 7784 the cost of repairs. He later settled that case after performing repairs.
The system backed up in 1995 as it had in 1992. Blanchard did not disclose this to Young. On February 13, 1997, the parties entered into a sales agreement for the property. Young visited the property seven times prior to the closing. Despite the statement of no septic system problems on the disclosure, Young did have concerns about the system. Because of this, the parties agreed to have an inspection performed by Richard White Sons. The inspection was performed on May 21, 1997. A report I was made and a copy given to Young. It failed to disclose any real problem. The parties agreed to a further inspection on April 3, 1997 by Joseph Radicki. He found a back flow, but no sewage discharge. After reviewing Radicki's report, Young still had concerns. As a result, a meeting was arranged at the premises prior to the closing. Young, Blanchard, Radicki and Raymond Andrews, sanitarian with the Uncas Health Department, were present. An inspection was made and tests were performed. All present were satisfied that the system was satisfactory.
Young testified that he agreed to proceed with the sale in reliance upon the reports of the experts, the inspection and the statement of Blanchard. The closing took place on April 22, 1997.
Young later determined that the system had to be replaced with a new system. The work was done in October, 1997 at a cost of $10,175. Further work, costing $1,490 was done in July, 1998. The total cost came to $11,665.
The complaint states that contrary to Blanchard's disclosure regarding the system, that there were problems prior to the closing and continuing thereafter which were known to Blanchard. The court finds that although he had problems in 1992 and 1995, Blanchard did not have any problems since then. Thus, he was not inaccurate when he disclosed to Young in February, 1997 that there were no known problems with the system. Furthermore, he worked with Young in having experts and the town sanitarian inspect the property and do testing prior to the closing. They all found no problem with the system as stated by Blanchard. In view of their opinions, the court finds there was no fraudulent statements made by Blanchard. The fact that there had been problems as late as 1995, does not affect the clear opinion of the experts that there were none found in April of 1997. CT Page 7785
Liability cannot be assessed for conditions of which the seller was unaware. The claim that Blanchard should have known of problems in 1997, also applies to Young. He saw the same inspection reports and had an equal opportunity to inspect the property in April, 1997. Nobody at the meeting at the premises at that time found any problems. Accordingly, the plaintiff has failed to prove breach of contract, false representation or unjust enrichment.
The court finds that although problems may have been discovered after the closing, there was no evidence that they were known to Blanchard prior to the closing.
The plaintiff's case must therefore fail.
Judgment for the defendant.
D. Michael Hurley, Judge Trial Referee